# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:   TERMINATION OF LEGACY ANTITRUST JUDGMENTS IN THE WESTERN DISTRICT OF OKLAHOMA | No. |

*Consolidating:*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOTION PICTURE THEATRE OWNERS OF OKLAHOMA,<br><br>Defendant; | Equity No. 1005 |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GRIFFITH AMUSEMENT COMPANY, ET AL.,<br><br>Defendants; | No. 172-Civil |

UNITED STATES OF AMERICA,

Plaintiff,

v.
REED ROLLER BIT COMPANY,
ET AL.,

Defendants;

Civil Action No. 66-248

UNITED STATES OF AMERICA,

Plaintiff,

v.
AMATEUR SOFTBALL
ASSOCIATION OF AMERICA, ET AL.,

Defendants.

Civil Action No. 73-883-D

## MEMORANUDM OF LAW IN SUPPORT OF MOTION OF
## THE UNITED STATES TO TERMINATE LEGACY ANTITRUST JUDGMENTS

The United States respectfully submits this memorandum in support of its motion to

terminate the four above-captioned legacy antitrust judgments.   The Court entered these

judgments in cases brought by the United States between 1928 and 1974; thus, they are

between forty-five and ninety years old.   After examining each judgment—and after

soliciting public comment on each proposed termination, and receiving no comments—the

2

United States has concluded that termination of these judgments is appropriate.

Termination will permit the Court to clear its docket, and the Department to clear its

records, allowing each to utilize its resources more effectively.

## I.    BACKGROUND

From 1890, when the antitrust laws were first enacted, until the late 1970s, the

United States frequently sought entry of antitrust judgments whose terms never expired.[1]

Such perpetual judgments were the norm until 1979, when the Antitrust Division of the

United States Department of Justice ("Antitrust Division") adopted the practice of

including a term limit of ten years in nearly all of its antitrust judgments.   Perpetual

judgments entered before the policy change, like the four at issue here, remain in effect

indefinitely unless a court terminates them.   Although a defendant may move a court to

terminate a perpetual judgment, few defendants have done so.   There are many possible

reasons for this, including that defendants may not have been willing to bear the costs and

time resources to seek termination, defendants may have lost track of decades- old

judgments, individual defendants may have passed away, or firm defendants may have

gone out of business.   As a result, hundreds of these legacy judgments remain open on

the dockets of courts around the country.   Originally intended to protect the loss of

---

[1] The primary antitrust laws are the Sherman Act, 15 U.S.C. §§ 1-7, and the Clayton Act,
15 U.S.C. §§ 12-27. The judgments the United States seeks to terminate with the
accompanying motion concern violations of these two laws.

competition arising from violations of the antitrust laws, nearly all of these judgments likely are no longer necessary to protect competition.

The Antitrust Division recently implemented a program to review and, when appropriate, seek termination of legacy judgments. The Antitrust Division's Judgment Termination Initiative encompasses review of all of its outstanding perpetual antitrust judgments. The Antitrust Division described the initiative in a statement published in the Federal Register.[2] In addition, the Antitrust Division established a website to keep the public apprised of its efforts to terminate perpetual judgments that no longer serve to protect competition.[3] The United States believes that its outstanding perpetual antitrust judgments presumptively should be terminated; nevertheless, the Antitrust Division examined each of the four judgment covered by this motion to ensure that it is suitable for termination. The Antitrust Division also gave the public notice of—and the opportunity to comment on—its intention to seek termination of these judgments.

In brief, the process by which the United States has identified judgments it believes should be terminated is as follows:

- The Antitrust Division reviews each perpetual judgment to determine whether it no longer serves to protect competition such that termination would be appropriate.

---

[2] Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.

[3] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/JudgmentTermination.

- If the Antitrust Division determines a judgment is suitable for termination, it posts the name of the case and the judgment on its public Judgment Termination Initiative website, https://www.justice.gov/atr/JudgmentTermination.

- The public has the opportunity to comment on each proposed termination within thirty days of the date the case name and judgment are posted to the public website.

- Following review of public comments, the Antitrust Division determines whether the judgment still warrants termination; if so, the United States moves to terminate it.

The United States followed this process for each judgment it seeks to terminate by this motion.[4]

The remainder of this memorandum is organized as follows:   Section II describes the Court's jurisdiction to terminate the judgments in the above-captioned cases and the applicable legal standards for terminating the judgments.   Section III explains that perpetual judgments rarely serve to protect competition and those that are more than ten years old presumptively should be terminated.   Section III also presents factual support for termination of each judgment.   Section IV concludes.   Appendix A attaches a copy of each final judgment that the United States seeks to terminate.   Appendix B

---

[4] The United States followed this process to move several dozen other district courts to terminate legacy antitrust judgments. *See, e.g., United States v. Union Pacific Railroad*, Case No. 2:19-mc-00219-DAK (D. Utah Apr. 3, 2019) (terminating five judgments); *United States v. Trans-Missouri Freight Assoc.*, Case No. 6:19-mc-00104-JAR (D. Kan. Apr. 24, 2019) (terminating four judgments); *United States v. Am. Amusement Ticket Mfrs. Ass'n*, Case 1:18-mc-00091 (D.D.C. Aug. 15, 2018) (terminating nineteen judgments); *In re: Termination of Legacy Antitrust Judgments*, No. 2:18-mc-00033 (E.D. Va. Nov. 21, 2018) (terminating five judgments).

summarizes the terms of each judgment and the United States' reasons for seeking

termination.   Finally, Appendix C is a proposed order terminating the final judgments.

## II.   APPLICABLE LEGAL STANDARDS FOR TERMINATING THE JUDGMENTS

This Court has jurisdiction and to terminate the judgments in the above-captioned

cases.   Two of the four judgments, copies of which are included in Appendix A, provide

that the Court retains jurisdiction.   Jurisdiction was not explicitly retained in two cases,[5]

but it has long been recognized that courts are vested with inherent power to modify

judgments they have issued which regulate future conduct.[6]   In addition, the Federal

Rules of Civil Procedure grant the Court authority to terminate each judgment.   Rule

60(b)(5) and (b)(6) provides that, "[o]n motion and just terms, the court may relieve a

party . . . from a final judgment . . . (5) [when] applying it prospectively is no longer

equitable; or (6) for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6);

---

[5] *United States v. Motion Picture Theatre Owners of Oklahoma*, Equity No. 1005 (W.D. Okla. 1928); *United States v. Griffith Amusement Co., et al.*, No. 172-Civil (W.D. Okla. 1950).

[6] *See United States v. Swift & Company*, 286 U.S. 106, 114-15 (1932) ("We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent. . . .   Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery.   A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.") (citations omitted); *see also EEOC v. Safeway Stores, Inc.*, 611 F.2d 795, 799 (10th Cir. 1979) ("[A] court of equity has continuing jurisdiction to modify a decree upon changed circumstances, even if the decree was entered by consent.").

*accord In re Gledhill,* 76 F.3d 1070, 1080 (10th Cir. 1996) ("Rule 60(b)(6) gives the court

a grand reservoir of equitable power to do justice. . .[and] grants federal courts broad

authority to relieve a party from a final judgment upon such terms as are just....")

(citations and quotations omitted).   Given its jurisdiction and its authority, the Court may

terminate each judgment for any reason that justifies relief, including that the judgments

no longer serve their original purpose of protecting competition.[7]   Termination of these

four judgments is warranted.

## III.   ARGUMENT

It is appropriate to terminate the perpetual judgments in each of the four above-

captioned cases because they no longer continue to serve their original purpose of

protecting competition.   The United States believes that the judgments presumptively

should be terminated because their age alone suggests they no longer protect competition.

Other reasons, however, also weigh in favor of terminating these judgments.[8]   Under such

---

[7] In light of the circumstances surrounding the four judgments for which it seeks termination, the United States does not believe it is necessary for the Court to make an extensive inquiry into the facts of each judgment to terminate them under Fed. R. Civ. P. 60(b)(5) or (b)(6).   All of these judgments would have terminated long ago if the Antitrust Division had the foresight to limit them to ten years in duration as under its policy adopted in 1979.   Moreover, the passage of many decades and changed circumstance since their entry, as described in this memorandum, means that it is likely that the judgments no longer serve their original purpose of protecting competition.
[8] Appendix B summarizes the key terms of each judgment and the reasons to terminate it.

circumstances, the Court may terminate the judgments pursuant to Rule 60(b)(5) or (b)(6) of the Federal Rules of Civil Procedure.

## A. The Judgments Presumptively Should Be Terminated Because of Their Age

Permanent antitrust injunctions rarely serve to protect competition. The experience of the United States in enforcing the antitrust laws has shown that markets almost always evolve over time in response to competitive and technological changes. These changes may make the prohibitions of decades-old judgments either irrelevant to, or inconsistent with, competition. The development of new products that compete with existing products, for example, may render a market more competitive than it was at the time of entry of the judgment or may even eliminate a market altogether, making the judgment irrelevant. In some circumstances, a judgment may be an impediment to the kind of adaptation to change that is the hallmark of competition, undermining the purposes of the antitrust laws. These considerations, among others, led the Antitrust Division in 1979 to establish its policy of generally including in each judgment a term automatically terminating the judgment after no more than ten years.[9] The four judgments in the above-captioned matters—all of which are more than fifty years old— presumptively should be terminated for the reasons that led the Antitrust Division to adopt its 1979 policy of generally limiting judgments to a term of ten years.

---

[9] U.S. DEP'T OF JUSTICE, ANTITRUST DIVISION MANUAL at III-147 (5th ed. 2008), https://www.justice.gov/atr/division-manual.

**B.      The Judgments Should Be Terminated Because They Are
         Unnecessary**

In addition to age, other reasons weigh heavily in favor of termination of each

judgment.

### 1.      The Core Terms Of The Judgment Have Been Satisfied

In the *Reed Roller Bit Company* case, entered in 1967, this Court required the

Defendant to divest within twelve months certain assets of American Iron, Inc. as set forth

in the definitions to the final judgment.   *See* Final Judgement, at § IV (attached hereto in

Appendix A).   On March 3, 1969, this Court amended the final judgment to delete the

divestiture provision.   *See United States v. Reed Roller Bit Co.*, 1969 *Trade Cas.* ¶

72,755 (W.D. Okla., March 3, 1969) (attached hereto in appendix A).   Thus, the core

terms of the final judgment have been satisfied.

### 2.      Most Defendants No Longer Exist

With respect to the *Motion Picture Theatre Owners of Oklahoma* case, the original

and only defendant, Motion Picture Theatre Owners of Oklahoma, no longer exists.

With respect to the *Griffith Amusement Company* case, there were six defendants:

four corporate defendants (Griffith Amusement Company, Griffith Consolidated Theatres,

Inc., R.E. Griffith Theatres, Inc., and Westex Theatres, Inc.); and two individual

defendants (L.C. Griffith and H.J. Griffith).   The four corporate defendants no longer

exist.   The two individual defendants are deceased.

9

With respect to the *Amateur Softball Association* case, there were three defendants that had engaged in an illegal conspiracy that violated the antitrust laws.   Two of the defendants, Athlone Industries, Inc. and H. Harwood & Sons, Inc., no longer exist.   One defendant, the Amateur Softball Association of America, exists and is now called USA Softball.   USA Softball is a not-for-profit organization that regulates and sanctions softball games and leagues throughout the United States.

To the extent that defendants no longer exist, the related judgments serve no purpose and should be terminated.

### C.      There Has Been No Public Opposition to Termination

The United States has provided adequate notice to the public regarding its intent to seek termination of these four judgments.   On April 25, 2018, the Antitrust Division issued a press release announcing its efforts to review and terminate legacy antitrust judgments.[10]   On August 24, 2018, the Antitrust Division listed the judgments in the above-captioned cases on its public website, describing its intent to move to terminate the judgments.[11]   The notice identified each case, linked to the judgment, and invited public comment. No public comments were received with respect to these four judgments.

---

[10] Press Release, *Department of Justice Announces Initiative to Terminate "Legacy" Antitrust Judgments*, U.S. DEP'T OF JUSTICE (April 25, 2018), https://www.justice.gov/opa/pr/department-justice-announces-initiative-terminate-legacy-antitrust-judgments.

[11] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE https://www.justice.gov/atr/judgment-termination-initiative-oklahoma-western-district

## IV.   CONCLUSION

For the foregoing reasons, the United States believes termination of the judgments in each of the four above-captioned cases is appropriate, and respectfully requests that the Court enter an order terminating them.   Appendix C is a proposed order terminating the judgments.

Respectfully submitted,

Dated: June 6, 2019

Mark A. Merva
Antitrust Division
United States Department of Justice
450 Fifth Street, NW
Washington, DC 20530
Phone: (202) 616-1398
Email: mark.merva@usdoj.gov

---

(last updated October 2, 2018).